UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAVEEN KUMAR,<br><br>              Petitioner,<br><br>   v.<br><br>LAURA HERMOSILLO et al.,<br><br>             Respondents. | CASE NO. 2:26-cv-00389-JNW<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## 1. INTRODUCTION

Petitioner Naveen Kumar filed this Petition for a Writ of Habeas Corpus, Dkt. No. 1, requesting that Respondents provide him with a bond hearing to justify his continued detention. The Court GRANTS the petition for the reasons stated below.

## 2. BACKGROUND

Naveen Kumar is a citizen of India in the custody of Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center ("NWIPC"), in Tacoma, Washington. He entered the United States in May 2023, seeking asylum. Dkt. No. 1 ¶ 21. Kumar was issued a Notice to Appear and released from custody.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

*Id.* ¶ 22. He applied for asylum and withholding of removal and later received a work permit. *Id.* ¶¶ 22–23.

On March 31, 2025, Kumar was arrested for shoplifting. Dkt. No. 9 ¶ 5. On April 15, 2025, he was detained by ICE at a check-in in California. Dkt. No. 1 ¶ 7. In June 2025, Kumar was transferred to the NWIPC, where he remains. *Id.* ¶ 24.

On August 25, 2025, an Immigration Judge ("IJ") granted Kumar a withholding of removal to India, after finding that his life or freedom would be threatened in India due to his status as a gay man with the Human Immunodeficiency Virus (HIV). *Id.* ¶ 26. A week later, Respondents informed Kumar that they would seek his removal to Uganda. *Id.* ¶ 28. Kumar filed a habeas petition challenging that removal effort. U.S. District Judge Kymberly Evanson granted Kumar's petition to ensure that he would receive a meaningful opportunity to contest any third-country removal. *Kumar v. Wamsley*, Case No. 2:25-cv-02055-KKE, 2025 WL 3204724, *5 & n.3. (W.D. Wash. Nov. 17, 2025).

Nearly a month later, Respondents moved to reopen Kumar's removal proceedings, indicating their continued intent to deport Kumar to Uganda, despite the *Kumar* court's order characterizing that decision as "callous[]" and "inexplicabl[e]" given the "well-documented oppression of LGBTQ+ persons in Uganda." *Kumar*, 2025 WL 3204724, *5 & n.3. On November 13, 2025, United States Citizenship and Immigration Services (USCIS) made a positive fear finding for Kumar's removal to Uganda. Dkt. No. 9 ¶ 15. On January 2, 2026, the IJ granted Respondents' motion to reopen Kumar's removal proceedings. Dkt. No. 1 ¶ 42.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

Kumar appeared in immigration court for "master calendar hearings" on January 2 and February 4, 2026, and he is scheduled to appear again on February 25, 2026. Dkt. No. 9 ¶ 19. At the January hearing, the IJ informed Kumar that Respondents would designate additional countries of removal, without identifying those countries. *Id.* ¶ 44.

As of the date of his petition, Kumar had been in detention without a bond hearing for nine months. *Id.* ¶ 47.

### 3.   DISCUSSION

**3.1   Legal standard.**

Respondents assert that Kumar is detained under 8 U.S.C. § 1225(b). Dkt. No. 8 at 2. While the detention of noncitizens is mandated under Section 1225(b), both the Supreme Court and the Ninth Circuit have "grappled … with whether the various immigration detention statutes may authorize indefinite or prolonged detention of detainees and, if so, may do so without providing a bond hearing." *Rodriguez v. Robbins*, 804 F.3d 1060, 1067 (9th Cir. 2015); *Jennings v. Rodriguez*, 583 U.S. 281 (2018).

Neither the Supreme Court nor the Ninth Circuit has settled on a test for assessing the constitutionality of prolonged mandatory detention. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019). Consequently, "[d]istrict courts have grappled with how to address due process challenges to prolonged mandatory detention[.]" *Id.* And "[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings,

without a bond hearing, will—at some point—violate the right to due process." *Id.; see also, Maliwat v. Scott*, No. C25-788, 2025 WL 2256711, at *3 (W.D. Wash. Aug. 7, 2025) (quoting *Banda*, 385 F. Supp. 3d at 1116).

In assessing the constitutionality of prolonged mandatory detention, the *Banda* court declined to apply the test in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), because that test does "not resolve the more fundamental issue of whether any procedure—such as a bond hearing—must be provided." *Banda*, 385 F. Supp. 3d at 1106–07. Rather, the court conducted a case-specific analysis considering the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Id.* at 1117 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)). Courts in this district have adopted the "*Banda* test" to assess when detention violates due process. *See, e.g., Maliwat*, 2025 WL 2256711, at *3–4; *Hong v. Mayorkas*, No. C20-01784, 2022 WL 1078627, at *4–5 (W.D. Wash. Apr. 11, 2022).

Respondents acknowledge that courts in this District analyze this issue using the *Banda* multi-factor test, and the Court will likewise apply it here to determine whether Kumar's continued detention without a bond hearing has become unreasonable. *See Duvine v. Hermosillo*, No. C25-2583-SKV, 2026 WL 183374, at *3 (W.D. Wash. Jan. 9, 2026). Because the petition is resolved under *Banda*, the Court need not reach the alternative *Mathews* analysis advanced by Kumar. *See Banda*, 385 F. Supp. 3d at 1106–07.

### 3.2 Kumar's continued detention without a bond hearing has become unreasonable.

#### 3.2.1 The first *Banda* factor weighs in Kumar's favor.

"[T]he most important factor" under the *Banda* test is the length of detention. *Banda*, 385 F. Supp. 3d at 1118. Context matters here, as "[t]he detention that is being examined here is the detention of a human being who has never been found to pose a danger to the community or to be likely to flee if released." *Jamal A.*, 358 F. Supp. 3d at 859. "The longer mandatory detention continues … the harder it is to justify." *Murillo-Chavez v. Garland*, No. 2:22-cv-0303-LK, 2022 WL 16555994, at *5 (W.D. Wash. Aug. 30, 2022), *report and recommendation adopted*, 2022 WL 16553176 (W.D. Wash. Oct. 31, 2022).

Kumar has been detained for more than nine months as of the date of his petition and now about ten months as of the date of this order. Courts have found similar detention lengths favor granting a bond hearing. *Lett v. Decker*, 346 F. Supp. 3d 379, 387–88 (S.D. N.Y. 2018) (ten months); *Perez v. Decker*, No. 18-CV-5279-VEC, 2018 WL 3991497, at *5 (S.D.N.Y. Aug. 20, 2018) (reasoning that "the length of detention has surpassed the rough six-month threshold at which detentions become less and less reasonable); *Ashemuke v. ICE Field Off. Dir.*, No. 2:23-cv-1592-RSL, 2024 WL 1683797, at *4 (W.D. Wash. Feb. 29, 2024) (eleven months). Respondents do not dispute this factor. The Court finds that the first *Banda* factor weighs in Kumar's favor.

### 3.2.2   The second *Banda* factor is neutral.

The second factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the 'anticipated duration of all removal proceedings—including administrative and judicial appeals.'" *Banda*, 385 F. Supp. 3d at 1119. Respondents argue that it is too speculative at this stage to know whether the appeals process would extend Kumar's detention. Dkt. No. 8 at 5. Kumar argues that even if his reopened removal proceedings concluded in four months, which is how long his prior removal proceeding took to conclude, that would prolong his detention until at least May 2026. Dkt. No. 11 at 3. Kumar's proceedings are still in the early stages: the IJ has not yet issued a decision and no appeal with the BIA or the Ninth Circuit has been filed. Courts have weighed this factor as neutral when the case is at an earlier stage of the proceedings, as is the case here. *Maliwat*, 2025 WL 2256711, at *5; *Rahman v. Garland,* No. 2:24-CV-02132-JHC-TLF, 2025 WL 1920341, at *4 (W.D. Wash. June 26, 2025). The Court finds this factor is neutral as well.

### 3.2.3   The third *Banda* factor weighs in Kumar's favor.

The third *Banda* factor examines the conditions of the petitioner's detention. "The more that the conditions under which the noncitizen is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted). Kumar asserts that conditions at NWIPC are like prison and that he had trouble accessing consistent medical care for his HIV treatment. Dkt. No. 2 ¶ 32. Courts have recognized that the conditions

at NWIPC resemble those in prisons. *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-CV-01807-KKE-GJL, 2026 WL 288378 * 5 (W.D. Wash. Jan. 15, 2026) (collecting cases), *report and recommendation adopted,* No. 2:25-CV-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026). Respondents do not meaningfully contest this factor, and the Court finds it weighs in Kumar's favor.

### 3.2.4 The fourth and fifth *Banda* factors weighs in Kumar's favor.

The fourth and fifth *Banda* factors consider delays in the removal proceedings caused by the petitioner and the government, respectively. Respondents concede that Kumar has not delayed removal. And Respondents' own description of the procedural history shows that, in fact, they have been the source of delays. *See generally,* Dkt. No. 9.

As for the fifth factor, Respondents argue there is no evidence they have intentionally delayed Kumar's removal, but they "recognize[] there have been some delays in attempting to remove Petitioner to a third country." Dkt. No. 8 at 5. "If immigration officials have caused delay, it weighs in favor of finding continued detention unreasonable…. Continued detention will also appear more unreasonable when the delay in the proceedings was caused by the immigration court or other non-ICE government officials." *Djelassi v. ICE Field Off. Dir.*, 434 F. Supp. 3d 917, 931 (W.D. Wash. 2020) (quoting *Sajous v. Decker*, No. 18-2447, 2018 WL 2357266, at *11 (S.D.N.Y. May 23, 2018)). The source of delays here is of Respondents' creation. Whether those have been intentional is immaterial. *Chekhovskii v. Scott*, No. 2:25-CV-02550-TLF, 2026 WL 353265, at *5 (W.D. Wash. Feb. 9, 2026) ("Even if

not the result of intentional action on behalf of government officials, these delays are attributable to the Government." (citation modified)).

The fourth and fifth *Banda* factors weigh in Kumar's favor.

### 3.2.5  The sixth *Banda* factor is neutral.

Under the sixth *Banda* factor, the Court considers the likelihood that removal proceedings will result in a final order of removal. *Banda*, 385 F. Supp. 3d at 1120. Respondents argue that Kumar was issued a prior removal order, that he will probably not be granted legal status in the United States, and that it is too early to assess whether his removal to Uganda or a third country will be sustained by an IJ. Although USCIS's positive fear finding may make Kumar's ability to secure withholding of removal to Uganda more likely, those proceedings are ongoing and remain in their early stages. *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-CV-01807-KKE-GJL, 2026 WL 288378 * 6 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-CV-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026); *L.B.O.M. v. Hermosillo*, No. 2:25-CV-02695-GJL, 2026 WL 266068 *5 (W.D. Wash. Feb. 2, 2026). Courts have consistently found this factor neutral when they lack sufficient information to determine whether the petitioner will prevail before the IJ, and the Court does the same here. *See, e.g.*, *Maliwa*, 2025 WL 2256711 *6; *Banda*, 385 F. Supp. 3d at 1120; *Djelassi*, 434 F. Supp. 3d at 932.

### 3.2.6  Weighing the factors.

In sum, four factors—length of detention, conditions of detention, delays caused by the petitioner (or the lack thereof), and delays caused by the

government—weigh in Kumar's favor. The remaining two are neutral. No factor weighs in Respondents' favor. Respondents also conceded the first and most important factor—the length of Kumar's detention. They concede that Kumar has not caused delays. And they do not meaningfully dispute the problematic conditions of detention at NWIPC or contest that they have been the source of delays. On balance, the *Banda* test favors granting Kumar a bond hearing. Kumar's "continued mandatory detention under § 1225(b) has become unreasonable and that due process requires the Government to provide [him] with a bond hearing." *Banda*, 385 F. Supp. 3d at 1120.

### 3.3   The scope of relief.

Having found that Kumar's detention has become unreasonable, the Court turns to appropriate relief. Kumar asks for "[his] release unless Respondents hold a custody hearing for him before an immigration judge within 14 days." Dkt. No. 1. at 20.

Courts in this District have ordinarily declined to order immediate release, holding that "[t]here is no authority" to support a claim that a petitioner "is entitled to an order of release." *See, e.g.*, *Maliwa*, 2025 WL 2256711, at * 9; *Hong*, 2022 WL 1078627, at *7 (explaining that the remedy for prolonged detention is a bond hearing); *Pasillas v. ICE Field Off. Dir.*, No. 2:21- cv-681-RAJ, 2021 WL 8084206, at *7 (W.D. Wash. Oct. 18, 2021), *report and recommendation adopted*, 2022 WL 1127715 (W.D. Wash. Apr. 15, 2022) (granting bond hearing but not release). Instead, the proper remedy for prolonged detention is a bond hearing. *See, e.g.*,

*Maliwat*, 2025 WL 2256711, at *9; *Hong*, 2022 WL 1078627, at *7; *Pasillas v. ICE Field Off. Dir.*, No. 2:21-cv-681-RAJ, 2021 WL 8084206, at *7 (W.D. Wash. Oct. 18, 2021), *report and recommendation adopted*, 2022 WL 1127715 (W.D. Wash. Apr. 15, 2022). The Court agrees and concludes that the proper remedy is an individualized bond hearing.

At that hearing, the government must bear the burden of justifying Kumar's continued detention by clear and convincing evidence. *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011).

### 4. CONCLUSION

Accordingly, the Court finds and orders the following:

1. Kumar's prolonged detention under 8 U.S.C. § 1225(b) without a bond hearing violates the Due Process Clause of the Fifth Amendment.
2. The Petition for a Writ of Habeas Corpus is GRANTED. Dkt. No. 1.
3. Within FOURTEEN (14) days of this order, Respondents must provide Petitioner with an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). In the event that bond is granted, Respondent is ORDERED to immediately release Petitioner.
4. If the individualized bond hearing is not conducted within fourteen days of this order, Petitioner MUST be released immediately under appropriate conditions of supervised release.

5. Petitioner and Respondents MUST file a status report on the status of Petitioner's bond hearing no later than FIFTEEN (15) days from this order. The status report MUST detail if and when the bond hearing occurred, if bond was granted or denied and, if denied, the reasons for that denial.

Dated this 25th day of February, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 11